IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERTA DAVILA AND | § | |
| RANDY-POE DOROMAL DEOCAMPO | § | |
| MIGUEL GARZA AND EVANGELINA | § | |
| SALDANA-GARZA | § | CIVIL ACTION NO. 7:15-cv-00001 |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| ASI LLOYDS, | § | |
| *Defendant.* | § | |

---

SUPPLEMENTAL NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

ASI Lloyds files this Supplemental Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1.      On or about November 26, 2014, Plaintiff Roberta Davila filed Plaintiff's Original Petition in the matter styled *Roberta Davila vs. ASI Lloyds,* Cause No. C-8488-14-B, in the 93rd Judicial District Court, Hidalgo County, Texas.  ASI Lloyds' registered agent received the citation and petition on December 10, 2014.

2.      On January 2, 2015, Defendant filed a Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b), attached hereto as Exhibit A.

3.      After the Notice was filed on January 2, 2015, Defendant received service of Plaintiffs' First Amended Petition in the matter styled *Roberta Davila and Randy-Poe Doromal Deocampo, Miguel Garza and Evangelina Saldana-Garza vs. ASI Lloyds*, Cause No. C-8488-14-B, in the 93rd Judicial District Court, Hidalgo County, Texas, attached hereto as Exhibit B. The

Amended Petition named Randy-Poe Doromal Deocampo, Miguel Garza, and Evangelina Saldana-Garza as additional Plaintiffs to the suit.

*Basis for Removal*

4.    Removal is proper under 28 U.S.C. §1332(a)(1).  There is complete diversity of citizenship.

5.    Plaintiffs are, and were at the time the lawsuit was filed, citizens of the State of Texas.  *See* Plaintiffs' First Amended Petition, ¶ III.

6.    Defendant, ASI Lloyds was, and at the date of this Notice remains, an association of underwriters.  The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, Gregory E. Stewart, John F. Auer, Jr., Robert K. Munns, Jr., Edwin L. Cortez, Mary F. Bacon, Antonio Scognamiglio, and Philip L. Brubaker.  Each of these underwriters is a citizen of the State of Florida.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as ASI Lloyds] is determined . . . solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).  Accordingly, ASI Lloyds is not a citizen of the State of Texas.

7.    In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Bailey, et. al. v. State Farm Lloyds, et. al.*, Civil Action No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, *9 (S.D. Tex. 2001); *Massey*, 993 F. Supp. at 570.

in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

8.      The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiff Roberta Davila has asserted $108,000.00 in damages in a notice letter to Defendant regarding the April 20, 2012 loss for which she asserts her claims. *See* Plaintiff's letter to Defendant dated July 30, 2014; *See also* Plaintiff's Original Petition, ¶ IV. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

## The Removal is Procedurally Correct

9.      ASI Lloyds' registered agent received the citation and petition on December 10, 2014.  ASI Lloyds files this Supplemental Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

10.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

11.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

12.     Pursuant to 28 U.S.C. §1446(d), promptly after ASI Lloyds files this Supplemental Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

13.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Supplemental Notice of Removal will be filed with the Clerk of the Hidalgo County Court, promptly after ASI Lloyds files this Notice.

Respectfully submitted,


/s/ Jay Scott Simon
Jay Scott Simon
Attorney-in-Charge
State Bar No. 24008040
Federal Bar No. 31422
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Telecopy:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served pursuant to Federal Rules of Civil Procedure on counsel for Plaintiff, A. Peter Thaddeus, Jr., V. Gonzalez & Associates, P.C., 121 No. 10th St. McAllen, Texas 78501 on the 9th day of January, 2015.


_/s/ Jay Scott Simon_____
Jay Scott Simon

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERTA DAVILA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:15-cv-00001 |
| | § | |
| ASI LLOYDS, | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

---

### NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

ASI Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1.      On or about November 26, 2014, Plaintiff filed Plaintiff's Original Petition in the matter styled *Roberta Davila vs. ASI Lloyds,* Cause No. C-8488-14-B, in the 93rd Judicial District Court, Hidalgo County, Texas.  ASI Lloyds' registered agent received the citation and petition on December 10, 2014.  Defendant files this Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b).

2.      Attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Hidalgo County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a copy of *Defendants' Original Answer.*  Attached hereto as Exhibit "C" is the Designation of Counsel.

**EXHIBIT A**

*Basis for Removal*

3.      Removal is proper under 28 U.S.C. §1332(a)(1).  There is complete diversity of citizenship.

4.      Plaintiff is, and was at the time the lawsuit was filed, a citizen of the State of Texas.  *See* Plaintiffs' Original Petition, ¶ III.

5.      Defendant, ASI Lloyds was, and at the date of this Notice remains, an association of underwriters.  The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, Gregory E. Stewart, John F. Auer, Jr., Robert K. Munns, Jr., Edwin L. Cortez, Mary F. Bacon, Antonio Scognamiglio, and Philip L. Brubaker.  Each of these underwriters is a citizen of the State of Florida.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as ASI Lloyds] is determined . . . solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).  Accordingly, ASI Lloyds is not a citizen of the State of Texas.

6.      In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Bailey, et. al. v. State Farm Lloyds, et. al.*, Civil Action No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, *9 (S.D. Tex. 2001); *Massey*, 993 F. Supp. at 570.

Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

7.     The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiff has asserted $108,000.00 in damages in a notice letter to Defendant regarding the April 20, 2012 loss that is the subject of this suit. *See* Plaintiff's letter to Defendant dated July 30, 2014; *See also* Plaintiff's Original Petition, ¶ IV. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### *The Removal is Procedurally Correct*

8.     ASI Lloyds' registered agent received the citation and petition on December 10, 2014.  ASI Lloyds files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

9.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

10.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

11.     Pursuant to 28 U.S.C. §1446(d), promptly after ASI Lloyds files this Notice,

written notice of the filing will be given to Plaintiff, the adverse party.

12.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County Court, promptly after ASI Lloyds files this Notice.

                              Respectfully submitted,


                               /s/ Jay Scott Simon
                              Jay Scott Simon
                              Attorney-in-Charge
                              State Bar No. 24008040
                              Federal Bar No. 31422
                              jsimon@thompsoncoe.com
                              THOMPSON, COE, COUSINS & IRONS, L.L.P.
                              One Riverway, Suite 1400
                              Houston, Texas 77056
                              Telephone: (713) 403-8210
                              Telecopy: (713) 403-8299

                              **ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was duly served pursuant to Federal Rules of Civil Procedure on counsel for Plaintiff, A. Peter Thaddeus, Jr., V. Gonzalez & Associates, P.C., 121 No. 10th St. McAllen, Texas 78501 on the 2nd day of January, 2015.


*/s/ Jay Scott Simon*
Jay Scott Simon

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERTA DAVILA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:15-cv-00001 |
| | § | |
| ASI LLOYDS, | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

---

### INDEX OF MATTERS BEING FILED

---

Pursuant to Rule 81 of the Local Rules of the United States District Court for the Southern District of Texas, the following is an index of matters being filed in this case:

1.     Notice of Removal;

2.     A copy of the Hidalgo County Clerk's file for this case, including (Exhibit B):
       a.   Plaintiff's Original Petition; and
       b.   Defendant's Original Answer and Special Exceptions; and

3.     Designation of Counsel (Exhibit C).

4.     Plaintiff's letter to Defendant dated July 30, 2014 (Exhibit D).

# EXHIBIT A

C-8488-14-B
93RD DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**ASI LLOYDS**
**c/o AGENT FOR SERVICE RODNEY D. BUCKER**
**700 NORTH PEARL ST 25TH FLOOR**
**DALLAS, TX 75201-2825**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 93rd District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on the on this the 26th day of November, 2014 and a copy of same accompanies this citation. The file number and style of said suit being, **C-8488-14-B, ROBERTA DAVILA VS. ASI LLOYDS**

Said Petition was filed in said court by Attorney A. PETER THADDEUS, Jr., 121 N 10th Street McAllen TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 5th day of December, 2014.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**OMAR ESCAMILLA DEPUTY CLERK**

# EXHIBIT B

CERTIFIED MAIL  7014 1200 0002 0837 6607

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 5th day of December, 2014 I, Omar Escamilla, Deputy Clerk of the 93rd District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-8488-14-B, ROBERTA DAVILA  VS.  ASI LLOYDS a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 5th day of December, 2014.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**OMAR ESCAMILLA, DEPUTY CLERK**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NUMBER C-8488-14-B

| | | |
|---|---|---|
| ROBERTA DAVILA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS | § | |
| | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **ROBERTA DAVILA** (hereinafter referred to as ("PLAINTIFF"), and files its first Original Petition against DEFENDANT, **ASI LLOYDS** for cause of action would respectfully show the Court the following:

I.     Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 3.

II.     Service of Process

Defendant, **ASI LLOYDS**, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service: RODNEY D. BUCKER, ASI LLOYDS, 700 NORTH PEARL STREET, 25TH FLOOR, DALLAS, TEXAS 75201-2825.

**ASI LLOYDS** is in the business of insurance in the State of Texas. The insurance business done by **ASI LLOYDS** in Texas includes, but is not limited to the following:

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8488-14-B**

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5. The adjusting and inspection of PLAINTFF'S insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

### III.    Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

### IV.    Facts

**ASI LLOYDS** and/or its agents committed the actions alleged against PLAINTIFF in this complaint. PLAINTIFF owns the property located at: 1023 TANGLEWOOD DR., EDINBURG, TEXAS 78539, POLICY NO. TXL322140, CLAIM NO. 260138-144402. **ASI**

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8488-14-B**

**LLOYDS** provided coverage to the PLAINTIFF for such building, personal property, and other matters under **ASI LLOYDS** insurance POLICY NO. TXL322140. During the term of said policy, PLAINTIFF sustained covered losses in the form of multiple windstorm/hailstorm events including the hail storm of **April 20, 2012** in HIDALGO County, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to **ASI LLOYDS** pursuant to the terms of the insurance policy. As a result, PLAINTIFF property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFF'S insurance policy with **ASI LLOYDS**. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of **ASI LLOYDS** conduct.

V.     Conditions Precedent

All notices and proofs of loss were timely and properly given to **ASI LLOYDS** in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to **ASI LLOYDS**. All of the conditions precedent to bring about this suit under the insurance policy have occurred. Despite the fact that all conditions precedent to PLAINTIFF recovery has occurred and/ or has been performed, **ASI LLOYDS** has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8488-14-B**

## VI. Breach of Contract

PLAINTIFF purchased an insurance policy with **ASI LLOYDS**. PLAINTIFF'S property was damaged by windstorm and water damage, of which are covered under the insurance policy. **ASI LLOYDS** has denied and/or delayed payment of PLAINTIFF'S covered claims. **ASI LLOYDS** has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. **ASI LLOYDS** knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. The conduct of **ASI LLOYDS** was irresponsible, and unconscionable. **ASI LLOYDS** took advantage of the PLAINTIFF's lack of sophistication in insurance and construction matters to a grossly unfair degree. **ASI LLOYDS** has, by its conduct, breached its contract with the PLAINTIFF. The conduct of **ASI LLOYDS** has proximately caused the injuries and damages to the PLAINTIFF.

## VII. Second Cause of Action: DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, **ASI LLOYDS** has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFF damages:

(a)     **ASI LLOYDS** made false representations about PLAINTIFF rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

---

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8488-14-B**

(b)     **ASI LLOYDS** actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     **ASI LLOYDS** failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by **ASI LLOYDS** at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, **ASI LLOYDS** violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

   **ASI LLOYDS** took advantage of PLAINTIFF's lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF property. **ASI LLOYDS** conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFF sue. The conduct of the **ASI LLOYDS** was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, **ASI LLOYDS** may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII.   Unfair Insurance Practices

   **ASI LLOYDS** failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair. **ASI LLOYDS** failed to properly process claims and have

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8488-14-B**

misrepresented material facts to the PLAINTIFF. **ASI LLOYDS** have failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, **ASI LLOYDS** have intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and have intentionally ignored damages to the dwelling. PLAINTIFF' property suffered from covered losses and damages of which **ASI LLOYDS** are fully aware. **ASI LLOYDS** has concealed damage known by them to exist. **ASI LLOYDS** has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF's pleas for help. **ASI LLOYDS** has failed to warn PLAINTIFF of consequential damage to their property.

By its conduct outlined above, **ASI LLOYDS** committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. **ASI LLOYDS** committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)    **ASI LLOYDS** failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)    **ASI LLOYDS** failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)    **ASI LLOYDS** refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8488-14-B**

(4) **ASI LLOYDS** breached its duty of good faith and fair dealing at common law;

(5) **ASI LLOYDS** failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6) **ASI LLOYDS** failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7) **ASI LLOYDS** compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8) **ASI LLOYDS** violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9) **ASI LLOYDS** undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10) **ASI LLOYDS** committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

    (a) **ASI LLOYDS** made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

        (i) the terms of the policy; and/or

---

Plaintiff's Original Petition

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8488-14-B**

    (ii)     the benefits or advantages promised by the policy.

    (b)     **ASI LLOYDS** made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

    (c)     **ASI LLOYDS** failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

    (d)     **ASI LLOYDS** made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

    (e)     Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

    (f)     Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

**ASI LLOYDS** conduct as described herein was a producing cause of damages to PLAINTIFF for which it sues.

        IX.    Breach of the Duty of Good Faith and Fair Dealing

    From and after the time the PLAINTIFF' claims were presented to **ASI LLOYDS**, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF claims, **ASI LLOYDS** refused to accept the claims in totality and pay the PLAINTIFF as the policy required.

---

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8488-14-B**

At that time, **ASI LLOYDS** knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. **ASI LLOYDS** failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFFS' claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, **ASI LLOYDS** breached its duty to deal fairly and in good faith with the PLAINTIFF. **ASI LLOYDS** breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which they sue.

X.     Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claims to **ASI LLOYDS**. **ASI LLOYDS** has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF claims. **ASI LLOYDS** reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. **ASI LLOYDS** investigation and use of adjusters' reports was an "outcome oriented investigation.". **ASI LLOYDS** failed to comply with the requirements of Chapter 542 listed herein:

(a)     Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)     Failing to pay PLAINTIFF claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8488-14-B**

(c)     Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF are entitled to recover from **ASI LLOYDS** the statutory penalty of 18% per annum on all amounts due on PLAINTIFF claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF make the allegation of waiver and/or estoppel as to every defense or exclusion plead by **ASI LLOYDS** as to any exclusion, condition, or defense pled by **ASI LLOYDS**, PLAINTIFF would show that:

1.  The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2.  Any other construction and its use by **ASI LLOYDS** violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3.  Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.  Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8488-14-B**

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF' predecessor policy with **ASI LLOYDS**. In this regard, PLAINTIFF would show that their insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, **ASI LLOYDS** is judicially, administratively, or equitably estopped from denying PLAINTIFF's construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

Electronically Filed
11/26/2014 10:40:02 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8488-14-B

### XIII.   JURY DEMAND

PLAINTIFF requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

### XIV.   REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFF request that **ASI LLOYDS** disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**V. GONZALEZ & ASSOCIATES, P.C.**
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

/s/ Aloysius Peter Thaddeus, Jr.
**ALOYSIUS PETER THADDEUS, JR.**
State Bar No. 19819500
peter@vgonzalezlaw.com

**PAPE MALICK DJIBA**
State Bar No. 24087430
mdjiba@vgonzalezlaw.com

**VICENTE GONZALEZ**
State Bar No. 00798215

*ATTORNEYS FOR ROBERTA DAVILA*

Electronically Filed
9/22/2014 11:31:27 AM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

**CAUSE NO. C-8488-14-B**

| | | |
|---|---|---|
| ROBERTA DAVILA, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | 93RD JUDICIAL DISTRICT |
| ASI LLOYDS, | § | |
| *Defendant.* | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |

## <u>DEFENDANT ASI LLOYDS' ORIGINAL ANSWER AND SPECIAL EXCEPTIONS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants ASI LLOYDS and file this its Original Answer and Special Exceptions, and would respectfully show unto the Court the following:

### I.
### <u>ORIGINAL ANSWER</u>

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### <u>APPRAISAL</u>

Pleading further, nothing contained in this Answer should be construed as a waiver to Defendant ASI Lloyds' contractual right to appraisal. When Defendant ASI Lloyds is better able to determine Plaintiffs' contentions with respect to contractual damages, Defendant ASI Lloyds may request that this case be abated and that any differences in damages be determined through the contractual right to appraisal contained in the policy of insurance at issue.

Electronically Filed
9/2/2019 11:31:27 AM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

## III.

## SPECIAL EXCEPTION

Defendant specially excepts to Plaintiff's failure to specify a maximum amount of damages claimed as required by Tex. Rules of Civ. Procedure 47, 169.

## IV.

## DEMAND FOR JURY TRIAL

Defendants herein make demand for a jury trial in this case, and will tender the applicable fees thereon.

## V.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, and Defendant goes hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

   /s/ Jay Scott Simon

Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
Lauren E. Figaro
State Bar No. 24087510
lfigaro@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**ATTORNEYS FOR DEFENDANT**

Electronically Filed
9/2/2015 11:31:27 AM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of January, 2015, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

A. Peter Thaddeus, Jr.
V. Gonzalez & Associates
121 No. 10th Street
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

_/s/ Jay Scott Simon_____
Jay Scott Simon

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ROBERTA DAVILA,                    §
    *Plaintiff,*                 §
                                §
v.                                 §        CIVIL ACTION NO. 7:15-cv-00001
                                §
ASI LLOYDS,                        §
    *Defendant.*                 §
                                §

---

## DESIGNATION OF COUNSEL

---

Plaintiff, Roberta Davila, is represented by

    A. Peter Thaddeus, Jr.
    State Bar No.: 19819500
    peter@vgonzalezlaw.com
    V. GONZALEZ & ASSOCIATES, P.C.
    121 N. 10th Street
    McAllen, Texas 78501
    Telephone: (956) 630-3266
    Telecopy: (956) 630-0383

Defendant, ASI Lloyds, is represented by

    Jay Scott Simon
    State Bar No. 24008040
    jsimon@thompsoncoe.com
    THOMPSON, COE, COUSINS, & IRONS, L.L.P.
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone:  (713) 403-8216
    Telecopy:  (713) 403-8299

# EXHIBIT C



# The Law Offices of
# V. Gonzalez & Associates, P.C.



RECEIVED
AUG 04 2014
BY:_____

121 N. 10th Street
McAllen, Texas 78501
(956) 630-3266 Office
(956) 630-0383 Facsimile

VICENTE GONZALEZ
Attorney At Law
vgusalaw@yahoo.com

ALOYSIUS PETER THADDEUS JR.
Attorney At Law
peter@vgonzalezlaw.com

PAPE MALICK DJIBA
Attorney At Law
mdjiba@vgonzalezlaw.com

July 30, 2014

**VIA CERTIFIED MAIL**
ASI Lloyds
P.O. BOX 20089
St. Petersburg, Florida 33742

| | |
|---|---|
| Our Client: | Roberta Davila |
| Policy No: | TXL322140 |
| Claim No: | 260138-144402 |
| Property: | 1023 Tanglewood Dr. Edinburg, TX 78539 |
| Date of loss: | April 20, 2012 |

## DEMAND FOR RELIEF UNDER THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT AND THE TEXAS INSURANCE CODE.

To Whom it may Concern:

This firm has been retained by Roberta Davila to represent her in the handling and prosecution of their claims against ASI Lloyds as under the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA) and under the Texas Insurance Code, section 541.

Roberta Davila are "consumer(s)" within the definition as set forth in the DTPA because they purchased a policy of insurance from ASI Lloyds. It was represented to our client that this policy of insurance was in full force and effect for the policy period, and that any and all claims made by the insured would be handled in a manner consistent with the guidelines set forth in the Texas Insurance Code. In addition, my client is also a "person(s)" under the Texas Insurance Code with standing to bring claims under the Texas Insurance Code.

As you know, the insured has made a claim under the policy of insurance sold to it by ASI Lloyds. Your company has conducted an inadequate examination of the damage from the April 20, 2012 hailstorms and the claims made by your insured. To date, the handling of the

# EXHIBIT D

DTPA-Insurance Code Notice
Roberta Davila vs. ASI Lloyds
July 29, 2014
Page 2

claims for windstorm/hailstorm and water damage, have resulted in significant problems for my client.

**DTPA**

The DTPA violations of ASI Lloyds include but not limited to:

1.  Causing confusion or misunderstanding as to the course, sponsorship, approval, or certification of goods or services;

2.  Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

3.  Failure to disclose information concerning goods or services which was known at the time of transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

4.  Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

5.  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers' liability has become reasonably clear;

6.  Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurers' liability has become reasonably clear in order to influence the claimant to settle an additional claim under another portion of the coverage, provided that this prohibition does not apply if payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

7.  Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

8.  Failing with a reasonable time to affirm or deny coverage of a claim to a policyholder and/or submit a reservation of rights to a policyholder;

9.  Refusing, failing, or unreasonably delaying an offer of settlement under applicable first party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

10. Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, provided that this prohibition does not apply to a compromise settlement of a doubtful or disputed claim;

DTPA-Insurance Code Notice
Roberta Davila vs. ASI Lloyds
July 29, 2014
Page 3

11. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

12. Making an untrue statement of material fact;

13. Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

14. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

15. Making a material misstatement of law, or

16. Failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of the Texas Insurance Code.

ASI Lloyds's actions are in violation of the DTPA and constitute producing causes of damage to my client.

Because of the nature of the claims and the circumstances surrounding the losses in question, ASI Lloyds's decision to deny the claims or to delay payment on the claims even though it is reasonably clear the claims are covered constitutes "knowing" violations of the DTPA and the Texas Insurance Code sufficient to allow the imposition of treble damages. Moreover, ASI Lloyds's "knowing" violations of the Texas Insurance Code and the DTPA have caused and continue to cause significant mental anguish to my client.

Furthermore, because of your ASI Lloyds's violations of the DTPA and the Texas Insurance Code, our client is entitled to recover attorney's fees.

**Texas Insurance Code Violations***
ASI Lloyds and its representatives have violated the Texas Insurance Code in the following manner including, but are not limited to:

1. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

2. Making an untrue statement of material fact;

3. Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

4. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

DTPA-Insurance Code Notice
Roberta Davila vs. ASI Lloyds
July 29, 2014
Page 4

5.     Making a material misstatement of law, or

6.     Failing to disclose any matter required by law to be disclosed, including a failure to make
       disclosure in accordance with another provision of the Texas Insurance Code.

**\*Breach of Duty of Good Faith and Fair Dealing: Bad Faith \***
In addition, ASI Lloyds violated the duty of good faith and fair dealing by refusing to pay the
claims in question even though you and your company knew or should have known that it was
reasonably clear the claims were covered. ASI Lloyds's breach of its duty of good faith and fair
dealing has proximately caused injury and damage to my client.

**\*Breach of Contract \***
Moreover, by failing to pay benefits under the policy of insurance, ASI Lloyds breached the
contract of insurance that existed between your company and our client. As a result, our client is
entitled to recover actual damages, consequential damages and attorney's fees pursuant to
§38.001 of the Texas Civil Practice & Remedies Code because of your breach of contract.

As a result, please allow this correspondence to constitute notice under the Texas Deceptive
Trade Practices Act and under the Texas Insurance Code of the claim, against you and your
representatives. Please allow this correspondence to serve as notice pursuant to Chapter 38.001
of the Texas Civil Practice & Remedies Code.

The damages suffered by our client to date include:

Economic Damages:  **$63,907.97**

18% Interest: **$23,006.87**

Attorney's Fees: **$21,728.71**

Because of the nature of the claims and the circumstances surrounding the losses in question,
ASI Lloyds's actions could constitute "knowing" violations of the DTPA and the Texas
Insurance Code sufficient to allow the imposition of treble damages up to 3 times economic
damages. **Please let this letter serve as my client's demand for $108,643.55.**

Respectfully,

ALOYSIUS PETER THADDEUS, JR.
Attorney for Roberta Davila

Attach.
APT:jg
cc: Client

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**Roberta Davila**

**(b)** County of Residence of First Listed Plaintiff: **HIDALGO COUNTY, TEXAS**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
**Aloysius Peter Thaddeus, Jr.**
**V. Gonzalez & Associates, P.C.**
**121 N. 10th Street, McAllen, Texas 78501**
**Telephone: (956) 630-3266**

## DEFENDANTS

**ASI Lloyds**

County of Residence of First Listed Defendant: **FLORIDA/**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)
**Jay Scott Simon**
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
**One Riverway, Ste., 1400, Houston, Texas 77056**
**Telephone:  (713)  403-8210**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110  Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610  Agriculture | ☐ 422  Appeal 28 USC 158 | ☐ 400  State Reapportionment |
| ☐ 120  Marine | ☐ 310  Airplane | ☐ 362  Personal Injury— Med. Malpractice | ☐ 620  Other Food & Drug | ☐ 423  Withdrawal 28 USC 157 | ☐ 410  Antitrust |
| ☐ 130  Miller Act | ☐ 315  Airplane Product Liability | ☐ 365  Personal Injury— Product Liability | ☐ 625  Drug Related Seizure of Property 21 USC | | ☐ 430  Banks and Banking |
| ☐ 140  Negotiable Instrument | ☐ 320  Assault, Libel & Slander | ☐ 368  Asbestos Personal Injury Product Liability | ☐ 630  Liquor Laws | **PROPERTY RIGHTS** | ☐ 450  Commerce/ICC Rates/etc. |
| ☐ 150  Recovery of Overpayment & Enforcement of Judgment | ☐ 330  Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640  R.R. & Truck | ☐ 820  Copyrights | ☐ 460  Deportation |
| ☐ 151  Medicare Act | ☐ 340  Marine | ☐ 370  Other Fraud | ☐ 650  Airline Regs. | ☐ 830  Patent | ☐ 470  Racketeer Influenced and Corrupt Organizations |
| ☐ 152  Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345  Marine Product Liability | ☐ 371  Truth in Lending | ☐ 660  Occupational Safety/Health | ☐ 840  Trademark | ☐ 480  Consumer Credit |
| ☐ 153  Recovery of Overpayment of Veteran's Benefits | ☐ 350  Motor Vehicle | ☐ 380  Other Personal Property Damage | ☐ 690  Other | **SOCIAL SECURITY** | ☐ 490  Cable/Sat TV |
| ☐ 160  Stockholders' Suits | ☐ 355  Motor Vehicle Product Liability | ☐ 385  Property Damage Product Liability | **LABOR** | ☐ 861  HIA (1395ff) | ☐ 810  Selective Service |
| ☐ 190  Other Contract | ☐ 360  Other Personal Injury | | ☐ 710  Fair Labor Standards Act | ☐ 862  Black Lung (923) | ☐ 850  Securities/Commodities/ Exchange |
| ☐ 195  Contract Product Liability | | | ☐ 720  Labor/Mgmt. Relations | ☐ 863  DIWC/DIWW (405(g)) | ☐ 875  Customer Challenge 12 USC 3410 |
| ☐ 196  Franchise | | | ☐ 730  Labor/Mgmt. Reporting & Disclosure Act | ☐ 864  SSID Title XVI | ☐ 890  Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740  Railway Labor Act | ☐ 865  RSI (405(g)) | ☐ 891  Agricultural Acts |
| ☐ 210  Land Condemnation | ☐ 441  Voting | ☐ 510  Motions to Vacate Sentence | ☐ 790  Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892  Economic Stabilization Act |
| ☐ 220  Foreclosure | ☐ 442  Employment | **Habeas Corpus:** | ☐ 791  Empl. Ret. Inc. Security Act | ☐ 870  Taxes (U.S. Plaintiff or Defendant) | ☐ 893  Environmental Matters |
| ☐ 230  Rent Lease & Ejectment | ☐ 443  Housing/ Accommodations | ☐ 530  General | **IMMIGRATION** | ☐ 871  IRS—Third Party 26 USC 7609 | ☐ 894  Energy Allocation Act |
| ☐ 240  Torts to Land | ☐ 444  Welfare | ☐ 535  Death Penalty | ☐ 462  Naturalization Application | | ☐ 895  Freedom of Information Act |
| ☐ 245  Tort Product Liability | ☐ 445  Amer. w/Disabilities- Employment | ☐ 540  Mandamus & Other | ☐ 463  Habeas Corpus – Alien Detainee | | ☐ 900  Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290  All Other Real Property | ☐ 446  Amer. w/Disabilities- Other | ☐ 550  Civil Rights | ☐ 465  Other Immigration Actions | | ☐ 950  Constitutionality of State Statutes |
| | ☐ 440  Other Civil Rights | ☐ 555  Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. (Do not cite jurisdictional statutes unless diversity.)

Brief description of Cause:
Breach of contract, violations of the Texas Insurance Code

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
January 02,2015

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jay Scott Simon

**FOR OFFICE USE ONLY**

RECEIPT# _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

2133184v1
04098.516

## C-8488-14-B
## 93RD DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**ASI LLOYDS**
**700 NORTH PERAL STREET, 25TH FLOOR**
**DALLAS, TX 75201-2825**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 93rd District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on the on this the 26th day of November, 2014 and a copy of same accompanies this citation. The file number and style of said suit being, **C-8488-14-B, ROBERTA DAVILA  VS.  ASI LLOYDS**

Said Petition was filed in said court by Attorney A. PETER THADDEUS, Jr. 121 N 10th Street McAllen TX  78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 30th day of December, 2014.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**OMAR ESCAMILLA DEPUTY CLERK**

RECEIVED

JAN 0 2 2015

TCCI

## EXHIBIT B

**CERTIFIED MAIL  7014 1200 0002 0837 5297**

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 30th day of December, 2014 I, Omar Escamilla, Deputy Clerk of the 93rd District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-8488-14-B, ROBERTA DAVILA  VS.  ASI LLOYDS a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 30th day of December, 2014.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____

**OMAR ESCAMILLA, DEPUTY CLERK**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____

**Declarant"**

_____

**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

## CAUSE NUMBER C-8488-14-B

| | | |
|---|---|---|
| ROBERTA DAVILA AND | § | IN THE DISTRICT COURT OF |
| RANDY-POE DOROMAL DEOCAMPO | § | |
| MIGUEL GARZA AND EVANGELINA | § | |
| SALDANA-GARZA | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ASI LLOYDS | § | |
| | § | |
| Defendant | § | 93rd JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **ROBERTA DAVILA, RANDY-POE DOROMAL DEOCAMPO, MIGUEL AND EVENGELINA SALDANA-GARZA** (hereinafter referred to as ("PLAINTIFFS"), and file their second Amended Petition against DEFENDANT, **ASI LLOYDS** for cause of action would respectfully show the Court the following:

### I.        Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intend to conduct discovery under Level 3.

### II.        Service of Process

Defendant, **ASI LLOYDS**, may be served with process by serving citation and a copy of this Original First Amended Petition by Certified Mail Return Receipt Requested on its agent for service: RODNEY D. BUCKER, **ASI LLOYDS**, 700 NORTH PEARL STREET, 25TH FLOOR, DALLAS, TEXAS 75201-2825.

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

**ASI LLOYDS** is in the business of insurance in the State of Texas. The insurance business done by **ASI LLOYDS** in Texas includes, but is not limited to the following:

1.  The making and issuing of contracts of insurance with the PLAINTIFFS;

2.  The taking or receiving of application for insurance, including the PLAINTIFFS application for insurance;

3.  The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4.  The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS;

5.  The adjusting and inspection of PLAINTIFFS' insurance claims;

6.  Making insurance coverage decisions;

7.  Taking part in making insurance coverage decisions; and

8.  Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions;

III.     Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policies at issue were issued and delivered in HIDALGO County, Texas; the properties insured is situated in HIDALGO County, Texas; PLAINTIFFS losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in HIDALGO County, Texas.

IV.     Facts

---

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

ASI LLOYDS and/or its agents committed the actions alleged by PLAINTIFFS in this complaint. **PLAINTIFF (ROBERTA DAVILA)** owns the property located at: 1023 TANGLEWOOD DR., EDINBURG, TEXAS 78539, **POLICY NO.:** TXL322140, **CLAIM NO.:** 260138-144402, **DATE OF LOSS**: on or about April 20, 2012, (hailstorm). **ASI LLOYDS** provided coverage to the PLAINTIFF for such buildings, personal property, and other matters under **ASI LLOYDS** insurance

PLAINTIFF **(RANDY-POE DOROMAL DEOCAMPO)** owns the property located at: 1705 W. BRONZE AVE. APTS. A-D, PHARR, TEXAS 78577, **POLICY NO.:** TXL276856, **CLAIM NO.:** 264002-144402, **DATE OF LOSS**: on or about September 20, 2013, (rain/windstorm). **ASI LLOYDS** provided coverage to the PLAINTIFFS for such buildings, personal property, and other matters under **ASI LLOYDS** insurance

PLAINTIFF'S **(MIGUEL AND EVANGELINA SALDANA-GARZA)** owns the property located at: 1708 CALLE TULIPAN, SAN JUAN, TEXAS 785589. **POLICY:** TXL 39213, **CLAIM NO.: 294497. DATE OF LOSS:** on or about May 28, 2014 (rain/windstorm) **ASI LLOYDS** provided coverage to the PLAINTIFFS for such buildings, personal property, and other matters under **ASI LLOYDS** insurance **(ROBERTA DAVILA) POLICY NO.:** TXL322140, **(RANDY-POE DOROMAL DEOCAMPO) POLICY NO.:** TXL27685, **(KENNETH AND SHARON GENTAPANAN) POLICY NO.:** TXL 158667 and **(MIGUEL AND EVANGELINA SALDANA-GARZA) POLICY NO.:** TXL 39213. During the term of said polices, PLAINTIFFS sustained covered losses in the form of multiple rain/windstorm/hailstorm events in HIDALGO County, and water damages resulting there from, including damage to the architectural finishes of the property.

---

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

PLAINTIFFS promptly reported losses to **ASI LLOYDS** pursuant to the terms of their individual insurance policies. As a result, PLAINTIFFS' properties sustained damage, including the cost of destruction and restoration of the properties necessary to access and fix the damaged areas. These are covered damages under PLAINTIFFS insurance policies with **ASI LLOYDS**. PLAINTIFFS have each been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of **ASI LLOYDS** conduct.

## V.    Conditions Precedent

All notices and proofs of loss were timely and properly given to **ASI LLOYDS** in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to **ASI LLOYDS**. All of the conditions precedent to bring about this suit under the insurance policies have occurred. Despite the fact that all conditions precedent to PLAINTIFFS' recovery has occurred and/ or has been performed, **ASI LLOYDS** has failed and refused to pay PLAINTIFFS' a just amount in accordance with their contractual obligations, agreements, and representations.

## VI. Breach of Contract

PLAINTIFFS purchased an insurance policy with **ASI LLOYDS**. PLAINTIFFS' properties were damaged by rain/hail/windstorm and water damage, of which are covered under the insurance policies. **ASI LLOYDS** has denied and/or delayed payment of PLAINTIFFS covered claims. **ASI LLOYDS** has no reasonable basis for denying, delaying, or failing to pay

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

PLAINTIFFS claims for damages. **ASI LLOYDS** knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. The conduct of **ASI LLOYDS** was irresponsible, and unconscionable. **ASI LLOYDS** took advantage of the PLAINTIFFS lack of sophistication in insurance and construction matters to a grossly unfair degree. **ASI LLOYDS** has, by its conduct, breached its contract with the PLAINTIFFS'. The conduct of **ASI LLOYDS** has proximately caused the injuries and damages to the PLAINTIFFS.

VII.    Second Cause of Action: DTPA Violations

PLAINTIFFS are consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, **ASI LLOYDS** has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFFS' damages:

(a)    **ASI LLOYDS'** made false representations about PLAINTIFFS rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)    **ASI LLOYDS** actions constitute an unconscionable course of conduct entitling PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)    **ASI LLOYDS** failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by **ASI LLOYDS** at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

---

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

(d)    As described above, **ASI LLOYDS** violated Chapter 541, Texas Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

**ASI LLOYDS** took advantage of PLAINTIFFS lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFFS property. **ASI LLOYDS** conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFFS sue. The conduct of the **ASI LLOYDS** was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, **ASI LLOYDS** may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.  PLAINTIFFS seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII.    Unfair Insurance Practices

**ASI LLOYDS** failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair. **ASI LLOYDS** failed to properly process claims and have misrepresented material facts to the PLAINTIFFS.  **ASI LLOYDS** has failed to address all damage to the property and its contents causing further damage to the PLAINTIFFS. Further, **ASI LLOYDS** has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and has intentionally ignored damages to the dwelling. PLAINTIFFS property suffered from covered losses and damages of which **ASI LLOYDS** is fully aware.  **ASI LLOYDS** has concealed damage known by it to exist.  **ASI LLOYDS** has known about covered windstorm and water damages but has failed to perform proper testing and

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' pleas for help. **ASI LLOYDS** has failed to warn PLAINTIFFS of consequential damage to their properties.

By its conduct outlined above, **ASI LLOYDS** committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. **ASI LLOYDS** committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     **ASI LLOYDS** failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     **ASI LLOYDS** failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     **ASI LLOYDS** refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     **ASI LLOYDS** breached its duty of good faith and fair dealing at common law;

(5)     **ASI LLOYDS** failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)     **ASI LLOYDS** failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

(7)    **ASI LLOYDS** compelled PLAINTIFFS  to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)    **ASI LLOYDS** violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)    **ASI LLOYDS** undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)   **ASI LLOYDS** committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

    (a)    **ASI LLOYDS** made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

        (i)     the terms of the policy; and/or

        (ii)    the benefits or advantages promised by the policy.

    (b)    **ASI LLOYDS** made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

    (c)    **ASI LLOYDS** failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

---

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

(d)     **ASI LLOYDS** made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)     Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f)     Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

**ASI LLOYDS** conduct as described herein was a producing cause of damages to PLAINTIFFS for which it sues.

IX.     Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS claims were presented to **ASI LLOYDS**, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS claims, **ASI LLOYDS** refused to accept the claims in totality and pay the PLAINTIFFS as the policy required. At that time, **ASI LLOYDS** knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. **ASI LLOYDS** failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFFS' claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*,

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, **ASI LLOYDS** breached its duty to deal fairly and in good faith with the PLAINTIFFS. **ASI LLOYDS** breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which they sue.

X.      Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFFS gave prompt notice of their claims to **ASI LLOYDS**. **ASI LLOYDS** has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFFS claims. **ASI LLOYDS** reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. **ASI LLOYDS** investigation and use of adjusters' reports was an "outcome oriented investigation.". **ASI LLOYDS** failed to comply with the requirements of Chapter 542 listed herein:

(a)     Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)     Failing to pay PLAINTIFFS claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c)     Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from **ASI LLOYDS** the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS claims, together with attorney's fees, for which they sue.

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

## XI.

PLAINTIFFS alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS has substantially complied and/or is excused. In the alternative, PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion plead by **ASI LLOYDS** as to any exclusion, condition, or defense pled by **ASI LLOYDS**, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by **ASI LLOYDS** violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with **ASI LLOYDS**. In this regard, PLAINTIFFS would show that their insurance policy was renewed uninterrupted for many years; and

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

6.   The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, **ASI LLOYDS** is judicially, administratively, or equitably estopped from denying PLAINTIFFS construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS pleads the doctrine of mutual mistake requiring reformation.

## XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

## XIII.   JURY DEMAND

PLAINTIFFS request this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

Electronically Filed
12/29/2014 3:28:22 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

## XIV.   REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that **ASI LLOYDS** disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**V. GONZALEZ & ASSOCIATES, P.C.**
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

/s/ Pape Malick Djiba
**PAPE MALICK DJIBA**
State Bar No. 24087430
mdjiba@vgonzalezlaw.com

**ALOYSIUS PETER THADDEUS, JR.**
State Bar No. 19819500
peter@vgonzalezlaw.com

**VICENTE GONZALEZ**
State Bar No. 00798215

*ATTORNEYS FOR PLAINTIFFS'*